SOLOMON *v.* BLAKESLEE.

1. APPEAL AND ERROR—IMPROPER ARGUMENT OF COUNSEL.
   Error assigned on alleged improper argument of counsel is not considered, on appeal, where it is not reported in record.

2. DAMAGES—EXCESSIVE VERDICT—QUESTION FOR JURY.
   Question of damages for personal injuries is peculiarly one for jury, and, where not so large as to indicate improper sympathy or prejudice, is not disturbed, on appeal.

3. MOTOR VEHICLES—NEGLIGENCE—WEIGHT OF EVIDENCE.
   In actions by husband and wife for damages for personal injuries to wife caused by automobile collision, verdicts for plaintiffs, *held*, not contrary to great weight of evidence. ·

4. DAMAGES—EXCESSIVE VERDICT.
   In actions by husband and wife for damages for personal injuries to wife, verdict of $3,000 in favor of wife, who was seriously injured, five ribs being fractured, bone of knee broken, and face and head cut, and verdict of $2,000 in favor of husband for loss of wife's services and expenses incident to her injuries, *held*, not excessive.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 29, 1933. (Docket No. 144, Calendar No. 37,261.) Decided May 16, 1933.

Separate actions of case by Francis A. and Myra E. Solomon against Elias Blakeslee and others for damages resulting from an automobile accident alleged to be due to defendants' negligence. Cases consolidated for trial. Verdicts and judgments for plaintiffs. Defendants appeal. Affirmed.

*Joseph W. McAuliffe,* for plaintiffs.

*Mustard, Mustard & Waterman,* for defendants.

POTTER, J.   Plaintiff Myra E. Solomon sued defendants to recover damages, claimed to have resulted from being injured through the alleged negligent operation of defendants' automobile, in a collision on U. S. trunk line highway No. 12 at a point where the gravel road branches off to the southwest of U. S. highway No. 12 leading to the village of Ceresco, Calhoun county.   Plaintiff Francis A. Solomon brought his suit to recover for the damage to his automobile, for loss of his wife's services, and expenses incident to her injuries.   There was verdict of $3,000 in favor of plaintiff Myra E. Solomon, and of $2,000 in favor of plaintiff Francis A. Solomon. Separate judgments were entered.   From these judgments defendants appeal, claiming improper argument by counsel for plaintiffs, excessive and unreasonable verdicts, based on sympathy and prejudice, and the assumption that defendants carried insurance, and error in refusing to grant defendants' motion for new trial.

A stipulation was made and filed reciting that these cases were tried together in the circuit court for Calhoun county, verdicts were rendered for plaintiffs against defendants, defendants intend to appeal to the Supreme Court, and, to save cost and expense in the review of the cases, as well as to simplify proceedings in the Supreme Court, one set of papers providing for appeal be treated and considered as affecting both cases, and one brief and one record be treated and considered as affecting and covering both cases, it being intended to perfect an appeal and secure a review in each case as completely as though separate steps were taken and separate papers filed in each.

The argument of counsel for plaintiffs is not reported.   No reference to any record of it is made

in the notice or supplemental notice of appeal. Plaintiff Myra E. Solomon was seriously injured. Five ribs were fractured, the bone of her knee broken, and she was cut about the face and head. Damages in this class of cases is peculiarly a question for the jury, and we cannot say the verdicts were so large as to indicate improper sympathy or prejudice. After verdicts, defendants made a motion to set them aside and grant new trials. This motion was heard, and the trial court filed reasons for his findings thereon, holding the verdicts were not contrary to the evidence, not grossly excessive, not based upon sympathy, bias, or prejudice, and the argument of counsel for plaintiffs was not improper. The important question discussed in appellants' brief, and in the opinion of the trial court overruling defendants' motion for new trials, is the question whether the verdicts were contrary to the great weight of the evidence. Witnesses were sworn to support plaintiffs' cases and in opposition thereto. The credibility of witnesses, the truthfulness of their statements, and the weight to be given to their testimony was for the jury. We find no reversible error.

Judgments affirmed, with costs.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.